UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CR422-099 |
| ) | |
| JESU AURELIUS FOX, ) | |
| ) | |
| Defendant.  ) | |

## ORDER AND REPORT AND RECOMMENDATION

Defendant Jesu Aurelius Fox has filed a Motion for Constitutional Access to Privileged Correspondence with Counsel. Docs. 31, 38 & 39. Fox, currently detained at the Chatham County Detention Center (sometimes "CCDC"), identifies a policy at the jail where "jail staff photocopies privileged mail from counsel, provides the inmate the photocopy, and then places the original correspondence in the inmate's 'property,' access to which is controlled by jail staff out of the inmate's presence and sight." Doc. 31 at 2. He contends this policy violates the Constitution and asks the Court to "enforce" his "constitutional right to receive confidential correspondence from counsel without the risk of exposing information to those unauthorized to have it." *Id.*

1

In a supplement to his motion, he clarifies that he seeks an Order "prohibit[ing] Chatham County Detention Center personnel from (a) photocopying privileged and confidential material, and (b) retaining unsealed, privileged and confidential material outside Mr. Fox's presence." Doc. 38 at 12. The United States has not responded to his request. *See generally* docket. Because the Court lacks subject matter jurisdiction over Fox's request for injunctive relief against a non-party, his motion should be **DENIED**. Docs. 31 & 39. However, as explained below, Fox is not without potential recourse.

## I.   BACKGROUND

Jesu Aurelius Fox is charged with two counts of possession of a firearm by a prohibited person. *See* doc. 1 (Indictment). He is detained pending trial. *See* doc. 16.[1] He is permitted to meet in person with his attorney at the jail. Doc. 31 at 1; *see also* doc. 16 at 1 ("Defendant is to

---

[1] As this Court's detention Order explains, Fox is being held without bond on charges pending in another court and will remain in custody on those charges even if this Court were to find that he qualifies for pre-trial release in this case. Therefore, the issue of pre-trial release in this case was, and apparently remains, premature. Nothing in this disposition changes the Court's instructions in the prior Order that Fox remains free to petition for bail/pre-trial release pursuant to 18 U.S.C. § 3142 if the status of his state charges changes. *See* doc. 16.

be afforded a reasonable opportunity for private consultation with defense counsel."). However, Fox's counsel believes that Fox's "ability to communicate . . . appears to be stronger in writing than in oral conversation." Doc. 31 at 1-2. For that reason, counsel believes that "engaging in important communications in writing . . . best serves Mr. Fox." *Id.* at 2. Counsel, though, "generally maintains a practice of limiting mail to clients detained in the Chatham County Detention Center to non-privileged and non-confidential topics" because of the jail's legal mail policy. *Id.*

According to Fox's motion, inmates at CCDC are denied "original correspondence from their attorneys." Doc. 31 at 2. Instead, he contends, jail officials make a photocopy of incoming legal correspondence, provide the inmate with the photocopy, and then place the original in the inmate's "property" out of the inmate's presence. *Id.* Fox argues the CCDC's practice "violates his First, Fifth, and Sixth Amendment rights to freedom of expression, access to courts, and counsel." *Id.* at 3. Relative to this criminal proceeding, he argues the jail's practice prejudices his ability to prepare for trial. *Id.* at 6, 8-9. He

explains he must either "ignore[ ] the jail's conduct in an attempt to maintain written communication with counsel for the sake of his case," which means he "faces the reality that privileged letters from counsel will be accessible to jail staff," or choose to "forgo written correspondence with his attorney," which means "he suffers harm by insufficient communication with the person appointed to protect his legal interest." *Id.* at 8-9. He therefore "seeks an order prohibiting (a) the photocopying of privileged material, and (b) the retention of unsealed, privilege material outside his presence." Doc. 38 at 2. He identifies other plausible remedies, but expressly states that he does not seek those alternative forms of relief. *Id.* at 2-3.

## II.   ANALYSIS

### A.   Request for Injunctive Relief

Although identifying plausible alternative remedies to the alleged constitutional violation, Fox is clear that he primarily seeks injunctive relief against officials at the Chatham County Detention Center. Doc. 38 at 2-3; *see also* doc. 31 at 7 ("The Court should . . . prohibit the Chatham County Detention Center from photocopying privileged letters

4

from counsel to inmates."). His request suffers from a fatal defect: the Court lacks subject matter jurisdiction over a request for injunctive relief against a non-party.

"[I]t is axiomatic that courts may only enjoin parties before the court," and the general rule is that "a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838 (11th Cir. 2009) (internal cites and quotes omitted). Fox's motion seeks "injunctive relief against officials at his prison who [are] not parties to the instant action, [and] the district court lack[s] subject-matter jurisdiction to grant him the relief that he request[s]." *Jackson v. Baisden*, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) (citing *In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995)).

Fox argues the All Writs Act empowers the Court to issue the requested injunctive relief. *See* doc. 38 at 4-7. The All Writs Act states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective

5

jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[I]t is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004) (citing *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)); *see also Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) ("While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction.").

Sometimes, "[t]he power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action . . . are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). "[T]he All Writs Act 'fill[s] the interstices of federal judicial power when those gaps threate[n] to thwart the otherwise proper exercise of federal courts' jurisdiction.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 41 (1985)). As the

Second Circuit has explained, "[a]n important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction." *In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985).

But the power of the Act is limited. "The Supreme Court has recognized five requirements that must be met before a court can compel under the All Writs Act the assistance of a third party . . . : (1) the order must be necessary or appropriate to effectuate a previously issued order, (2) it must not be covered by another statute, (3) it must not be inconsistent with the intent of Congress, (4) the third party must not be too far removed from the underlying case, and (5) the burden imposed on the third party must not be unreasonable." *United States v. Blake*, 868 F.3d 960, 970–71 (11th Cir. 2017). Fox's request fails on at least two of the five requirements.[2]

---

[2] In addition to the two requirements discussed below, it is also not clear that Fox would be able to show that the requested injunctive relief is "necessary or appropriate to effectuate a previously issued order." *Blake*, 868 F.3d at 970. The Court's detention Order instructs that Fox is to be "afforded a reasonable opportunity for private consultation with defense counsel." Doc. 16. Fox does not suggest that he is being prohibited from consulting privately with his counsel. *See generally* doc. 31.

7

Relative to the second requirement, where there are alternative remedies available, "resort to the All Writs Act [is] . . . out of bounds[.]" *Clinton*, 526 U.S. at 537. The Supreme Court has clarified:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Penn. Bureau of Corr.*, 474 U.S. at 43. Fox himself identifies his request for injunctive relief as, "not the only path," but "the simplest path." *See* doc. 38 at 2-3. In addition to vague references to transfer or dismissal, Fox expressly concedes that 42 U.S.C. § 1983 provides an available remedy to his allegation of a constitutional violation. *See id.* at 3, 9. The Court has also independently identified another plausible statutory

---

Instead, he suggests that he might be better equipped to consult with counsel via written correspondence. *Id.* It is not immediately apparent that the requested injunctive relief is "necessary" to effectuate the Order. Fox concedes the requested relief "is not necessary to effectuate a previously issued order," but argues "it is necessary to the Court's function in overseeing a trial at which Mr. Fox's constitutional rights are respected." Doc. 38 at 8. The Court need not reach this issue, because the request fails for the two alternative reasons discussed below.

avenue for relief, discussed below. Invocation of the All Writs Act is, therefore, inappropriate. *See, e.g.*, *Clinton*, 526 U.S. at 537-38 (All Writs Act not appropriate where other administrative bodies and courts have authority to provide administrative or judicial review of the challenged action).

Fox fails on the third requirement, too. Invocation of the All Writs Act to litigate whether the Chatham County Detention Center is violating Fox's constitutional rights appears inconsistent with Congress's intent in passing the Prison Litigation Reform Act. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 202 (2007) (discussing Congress' enactment of the PLRA and the Act's mandates); *Hubbard v. Haley*, 262 F.3d 1194, 1196-98 (11th Cir. 2001) (discussing the intent of Congress in promulgating the PLRA). Under the PLRA, certain conditions are placed on civil actions "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(g); 42 U.S.C. § 1997e. PLRA also imposes additional statutory requirements on injunctive remedies with respect to prison conditions. *See* 18 U.S.C. § 3626. Permitting a pre-trial

detainee to challenge allegedly unconstitutional practices of a governmental entity or its officers using the All Writs Act would appear to thwart Congress' intent by skirting PLRA's requirements, including exhaustion of administrative remedies. For this alternative reason, Fox's request to invoke the All Writs Act should fail.

Because the Court does not have jurisdiction over Fox's request for injunctive relief against the Chatham County Detention Center, his motion, as supplemented, should be **DENIED**. Docs. 31, 38 & 39.

### B.   Alternative Remedies

As the Court alluded above, Fox is not without potential avenues for recourse. As he acknowledges, he may pursue a § 1983 action to vindicate his position that CCDC officials are violating his constitutional rights.[3]  *See* doc. 38 at 9; *see also Al-Amin v. Smith*, 511 F.3d 1317, 1320

---

[3] Fox is represented by appointed counsel. *See* doc. 7. He explains that "the Court has the authority to expand [his] counsel's appointment to include representation in a § 1983 action." Doc. 38 at 9-10. That request is not currently before the Court, since Fox's supplement in support of his motion expressly disclaims that he "should not be required to pursue a federal lawsuit against a sheriff to enforce his constitutional rights in this criminal case." *Id.* at 10-11. Given the recommended disposition here, Fox remains free to petition the Court for expansion of counsel's appointment to include pursuit of a remedy under § 1983. The Court expresses no opinion, at this point, whether such a petition would be successful.

(11th Cir. 2008) (discussing state prisoner's § 1983 action challenging state prison's handling of legal mail). But there is another, potentially more direct avenue for relief, if Fox can make the requisite showing.

Section 3142(i) of the Bail Reform Act provides in relevant part that a judicial officer may "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). "While there is limited authority governing the conditions necessitating temporary release for defense preparation, '[c]ourts considering whether pretrial release is 'necessary' under § 3142(i) have considered: (1) the time and opportunity the defendant had to prepare for the trial and participate in his [or her] defense, (2) the complexity of the case and volume of information, and (3) the expense and inconvenience associated with preparing while incarcerated.'" *United States v. Diaz Guillen*, 2022 WL 4119741, at *3 (S.D. Fla. Sept. 9, 2022) (quoting *United States v. Bothra,* 2020 WL 2611545, at *2 (6th Cir. May 21, 2020)).

Fox's motion at least suggests that the conditions at the CCDC are hindering his ability to prepare his defense.  *See generally* doc. 31.  In particular, he points to a preference for written communication since his ability to communicate is stronger in writing than through oral conversation.  *Id.* at doc. 1-2.  While this representation, made by counsel, potentially implicates § 3142(i), it is by no means sufficient to invoke it.  However, Fox might be able to make a showing that some form of "temporary release," pursuant to § 3142(i), is "necessary for preparation of [his] defense."  18 U.S.C. § 3142(i).  If he believes he can make the requisite showing, he is **DIRECTED** to move for such relief within 30 days of the date of this Order and Report and Recommendation.

### III. CONCLUSION

Fox's Motion for Constitutional Access to Privileged Correspondence with Counsel, doc. 31, as supplemented, docs. 38 & 39, should be **DENIED**.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to

the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED** this 17th day of January, 2023.

*/s/ Christopher L. Ray*
**CHRISTOPHER L. RAY**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**